| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CRIMINAL ACTION NO. 4:05-CR-150 |
| § | |
| DAVID LYNN WEBB (2) § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant David Lynn Webb's ("Webb") *pro se* Letter Motion for Early Termination of Supervised Release (#123). United States Pretrial and Probation Services ("Probation") supports Webb's request. Having considered the pending motion, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I. Background

On September 21, 2005, Webb pleaded guilty to one count of conspiracy to distribute or dispense or possess with intent to distribute or dispense methamphetamine, in violation of 21 U.S.C. § 846. On April 21, 2006, United States District Judge Ron Clark sentenced Webb to 160 months' imprisonment, followed by a 5-year term of supervised release, and ordered him to pay a $100.00 special assessment. Webb completed his term of imprisonment in April 2017 and immediately began his term of supervised release. To date, Webb has completed approximately 3 years of his 5-year term of supervised release.

II. Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set

forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Davies*, No. 18-2113, 2018 WL 3954225, at *2 (3d Cir. 2018); *United States v. Trailer*, 827 F.3d 933, 938 (11th Cir. 2016); *United States v. Carpenter*, 803 F.3d 1224, 1241 n.4 (11th Cir. 2015); *United States v. Polydore*, 493 F. App'x 496, 502 n.7 (5th Cir. 2012). Although Probation supports early termination, this fact, standing alone, is insufficient to justify granting Webb's request for early termination. *See*, *e.g.*, *United States v. Hartman*, No. 3:00–cr–228, 2013 WL 524257, at *1 (N.D. Tex. Jan. 18, 2013) (denying defendant's request for early termination of supervised release despite the Government's recommendation that it be granted), *adopted by* 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *cf. United States v. Grimaldi*, 482 F. Supp. 2d 248, 249 (D. Conn. 2007) (denying early termination even though the defendant's Probation Officer supported it).

District courts enjoy considerable discretion in determining when the interests of justice warrant early termination, and "courts have consistently declined to grant such relief just because the defendant has complied with his conditions." *United States v. McClain*, No. 99-CR-93, 2009 WL 854107, at *1 (E.D. Wis. Mar. 30, 2009); *see United States v. Hayes*, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying the defendant's motion for early termination of supervised release where he had "done very well" on supervised release, including complying

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

with all terms). Indeed, a defendant's "compliance with the terms of supervision and with the law is not enough to warrant termination; such conduct is expected and required." *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013); *accord United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *Karacsonyi v. United States*, 152 F.3d 918, 1998 WL 401273, at *1 (2d Cir. 1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release.").

Nevertheless, in "cases with new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good," the court may, at its discretion, choose to terminate a defendant's term of supervision. *McClain*, 2009 WL 854107, at *1; *see, e.g.*, *United States v. Kay*, 283 F. App'x 944, 946-47 (3d Cir. 2008); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *United States v. Cooks*, No. 07-303, 2018 WL 4005835, at *1 (W.D. Pa. Aug. 22, 2018) (quoting *United States v. Laine*, 404 F. App'x 571, 573-74 (3d Cir. 2010)) ("[E]arly termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it."); *United States v. Robinson*, No. 2004-0005, 2016 WL 3702961, at *9-10 (D.V.I. July 7, 2016); *United States v. Longerbeam*, 199 F. Supp. 3d 1, 3 (D.D.C. 2016) ("[W]hile the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to 'exceptionally good behavior' or 'something of an unusual or extraordinary nature in addition to full compliance.'" (quoting *United States v. Mathis-Gardner*, 783 F.3d 1286, 1289 (D.C. Cir. 2015))); *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013)

(noting that "even perfect compliance with conditions of release does not qualify as 'exceptionally good behavior' warranting early termination").

Here, the court finds that Webb's post-release conduct does not warrant early termination of his supervised release. Although Webb provides the court with a list of commendable achievements, he identifies no new or exceptional circumstances. Given the nature of his offense, conspiracy to distribute or dispense or possess with intent to distribute or dispense methamphetamine, and his extensive criminal history, early termination would not be in the interest of justice. Indeed, according to his presentence report, Webb, who is now 40 years old, had at least 15 prior convictions before committing the current offense, including convictions for unlawfully carrying a weapon (4), possession of marijuana (4), possession of a controlled substance with intent to deliver (3), possession of a controlled substance (2), driving with a suspended license, and unlawful possession of a machine gun. Moreover, he was on supervised release when he committed the instant offense. Finally, Webb has a history of drug abuse since age 17 and reverted to drug use after previously participating in the 500-hour drug treatment program while in federal custody. Thus, he would benefit from continued supervision. Although Webb appears to be on the right track, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense, promotes general deterrence, and provides needed structure for his continued rehabilitation.

III.   Conclusion

Consistent with the foregoing analysis, Webb's *pro se* Letter Motion for Early Termination of Supervised Release (#123) is DENIED.

SIGNED at Beaumont, Texas, this 4th day of June, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE